UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CAVEO, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**DART CONTAINER OF MICHIGAN LLC,**<br><br>Defendant. | No. 1:23-CV-15820 |

## NOTICE OF REMOVAL

Defendant Dart Container Corporation, incorrectly named in the Complaint as "Dart Container of Michigan LLC" ("Dart"), in accordance with the applicable Federal Rules of Civil Procedure and 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice that it has removed this action from the 18th Judicial Circuit Court in DuPage County, Illinois to the United States District Court for the Northern District of Illinois. Removal of this action is based upon the following:

**I.    BACKGROUND**

1. Plaintiff Caveo, LLC instituted this action in the 18th Judicial Circuit Court in DuPage County, Illinois, on or about September 21, 2023, at Case No. 2023LA0010000 (the "State Court Action"). A true and correct copy of the Complaint filed by Plaintiff is attached hereto as Exhibit 1.

2. Plaintiff's Complaint in the State Court Action asserts claims for breach of contract and tortious interference with contract. All claims arise out of a written agreement between Plaintiff and Dart. *See* Ex. 1.

**II.    TIMELINESS OF REMOVAL**

3. Dart first received notice of the Complaint filed in the State Court Action on October 11, 2023, when Plaintiff served a copy of the Complaint on Dart.

4.      The Federal Rules provide that a party has 30 days to remove a matter to federal court after being brought into the case.  28 U.S.C. § 1446(b).

5.      As such, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) because it was filed within 30 days after Dart first received notice of the Complaint.

### III.    VENUE

6.      The 18th Judicial Circuit Court in DuPage County, Illinois, in which Plaintiff's Complaint was filed, is within this Court's district and division.  Therefore, the action is properly removable to this Court pursuant to 28 U.S.C. § 1446(a) (stating that a matter may only be removed to the "district and division embracing the place where such action is pending").[1]

### IV.    REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

7.      Dart removes this case on the basis of diversity jurisdiction.  Under 28 U.S.C. §§ 1332(a)(1) and 1441, an action may be removed to federal court where (1) there is complete diversity of citizenship between the parties and (2) the amount in controversy for the named plaintiff exceeds $75,000.  *See also Badgerow v. Walters*, 596 U.S. 1, 11 (2022).

8.      Pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441, an action may be removed on the basis of diversity jurisdiction where there is complete diversity of citizenship between the parties.

---

[1] While Plaintiff brought the State Court Action in the 18th Judicial Circuit Court in DuPage County, Illinois, Plaintiff brought this matter in the wrong venue. Specifically, § 8.7 of the April 7, 2021 Professional Services Agreement (the "Agreement") between the parties—the contract on which all of Plaintiff's claims are based—contains a choice of law and choice of venue provision that requires any dispute between Plaintiff and Dart arising from or related to the Agreement be brought in the courts situated in Lansing, Michigan. Ex. 1 at Exhibit A. As such, Dart intends to file a motion to transfer this matter to the proper venue: the United States District Court for the Western District of Michigan. Dart removes this matter to this Court, pursuant to 28 U.S.C. § 1446(a), which requires that a matter be removed to U.S. District Court for the district and division within which the State Court Action is pending. Dart removes this action subject to and without waiver of its defenses of improper venue or personal jurisdiction.

9. Plaintiff's citizenship for the purposes of diversity jurisdiction under 28 U.S.C. § 1332 is Illinois. Ex. 1 at ¶ 1 (alleging that Plaintiff is "an Illinois limited liability company doing business as CAVEO LEARNING, with its principal place of business located at 50 S. Main Street, Suite 200, Naperville, Illinois, DuPage County, Illinois").

10. Specifically, for purposes of diversity jurisdiction, Plaintiff, as a limited liability company, is a citizen of each state where its members are citizens. *Qi Qin v. Deslongchamps*, 31 F.4th 576, 579 (7th Cir. 2022) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)).

11. Plaintiff's sole member is Jeff R. Carpenter. Plaintiff's November 3, 2023 Illinois Limited Liability Company Act Annual Report, attached hereto as Exhibit 2. Mr. Carpenter's address is listed on Plaintiff's November 3, 2023 Illinois Limited Liability Company Act Annual Report as 2395 Alamance Drive, West Chicago, Illinois 60185. *Id.* Accordingly, Plaintiff is a citizen of Illinois for purposes of diversity jurisdiction.

12. Dart was formed as a Nevada corporation, and its principal place of business is 500 Hogsback Road, Mason, Michigan 48854.[2] Declaration of Edward J. Starmer at ¶ 3, attached hereto as Exhibit 3. Therefore, Dart is a citizen of Michigan and Nevada under 28 U.S.C. § 1332(c)(1). *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (holding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control and coordinate the corporation's activities. . . . And in practice it should normally be the place where the corporation maintains its headquarters . . .").

---

[2] As noted, Dart Container of Michigan LLC is not the proper defendant in this action. The operative contract (the Agreement) among the parties is between Dart Container Corporation (Dart) and Plaintiff. Ex. 1 at Exhibit A. However, Dart Container of Michigan LLC's sole member is Dart. Ex. 3 at ¶ 6. As such, Dart and Dart Container of Michigan LLC's states of citizenship for diversity purposes are the same. *Id.*; *see also* 28 U.S.C. §§ 1332(c)(1); *Qi Qin*, *supra.*

13. Moreover, Dart does not do business in Illinois, is not registered to do business in Illinois, and has no employees in Illinois. Ex. 3 at ¶ 4.[3]

14. Accordingly, because Dart and Plaintiff are citizens of different states, there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a)(1).

15. Moreover, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.*

16. "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1446(c)(2)).

17. While Dart denies that Plaintiff is entitled to recovery in any form or amount,[4] the claimed amount in controversy for Plaintiff, as determined based on the allegations of the Complaint, exceeds $75,000, exclusive of interest and costs. Ex. 1. Specifically, Plaintiff's Complaint alleges that it is entitled to $519,200 in damages from Dart. *Id.* at ¶¶ 18, 23, 33.

18. Accordingly, by the allegations in the Complaint, "the amount in controversy" is $519,200, and the amount in controversy threshold established under 28 U.S.C. § 1332(a) is satisfied. Ex. 1 at ¶¶ 18, 23, 33; 28 U.S.C. § 1446(c)(2).

---

[3] Like Dart, Dart Container of Michigan LLC does not do business in Illinois, is not registered to do business in Illinois, and has no employees in Illinois. Ex. 3 at ¶ 7.

[4] All averments regarding the amount in controversy herein are made solely for purposes of removal and in no way should be construed as an admission or concession by Dart with regard to the claims of liability or for damages asserted by Plaintiff. To the contrary, Dart denies all such claims and expressly reserves its right to respond to the Complaint and to assert all defenses available to it in this action.

## V. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

19. Copies of all process, pleadings, orders, and other papers or exhibits of every kind served upon Dart, are attached to this Notice of Removal as Ex. 1, as required by 28 U.S.C. § 1446(a).

20. In compliance with 28 U.S.C. § 1446(a), this Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

21. As required by 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Dart will provide a written notification to Plaintiff and file a Notice of Filing of Notice of Removal with the clerk of the 18th Judicial Circuit Court in DuPage County, Illinois.

22. Dart consents to and files this Notice without: admitting any of the allegations in the Complaint; waiving any defenses to the claims asserted by Plaintiff; conceding that Plaintiff has stated claims upon which relief can be granted; conceding that this Court is the proper venue for this action; conceding that this Court has personal jurisdiction over Dart; or conceding that Plaintiff is entitled to any damages against Dart in any amount whatsoever.

23. If any questions arise with regard to this removal, Dart respectfully requests the opportunity to present briefing in support of removal, and to conduct jurisdictional discovery as necessary.

WHEREFORE, Dart respectfully requests that the United States District Court for the Northern District of Illinois accept the removal of this action from the 18th Judicial Circuit Court in DuPage County, Illinois, and assume jurisdiction over this matter unless this case is remanded.

DATED:   November 9, 2023            Respectfully submitted,

By: /s/ *William Kraus*

William Kraus (IL 6300255)
**FISHERBROYLES, LLP**
203 North LaSalle Street, Suite 2100

Chicago, IL 60601
Mailing Address:
455 E Eisenhower Pkwy
Suite 300 PMB1082
Ann Arbor, MI 48108
Telephone: (773) 326-9789
william.kraus@fisherbroyles.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 9th day of November 2023, a copy of the foregoing document was filed on the Court's Electronic Case Management Filing System. The undersigned further certifies that he has caused a paper copy of the foregoing document to be mailed by electronic mail and first-class U.S. Mail, proper postage prepaid, on this day, to the following:

>David C. Hurst
>Bruggeman, Hurst and Associates, P.C.
>20012 Wolf Road, Suite 200
>Mokena, Illinois
>david.hurst@bruggemanhurst.com
>bruggemanhurst@bruggemanhurst.com

/s/ William J. Kraus